IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| GABRIEL R. WELLS,<br><br>            Plaintiff,<br><br>      vs.<br><br>STATE OF HAWAII,<br><br>            Defendant. | Case No. 24-cv-00269-DKW-WRP<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYMENT OF FEES AND COSTS; AND (2) REMANDING CASE TO THE FIFTH CIRCUIT COURT, STATE OF HAWAIʻI[1]** |

On June 25, 2024, Plaintiff Gabriel Wells, proceeding *pro se*, filed a complaint against the State of Hawaiʻi, seeking to "remove two criminal cases from the State of Hawaii Fifth Circuit District Court by 28 U.S.C. § 1443(1)." Dkt. No. 1 at 3.  That same day, Wells also filed an application to proceed *in forma pauperis* ("IFP Application").  Dkt. No. 4.

I.      **IFP Application**

Pursuant to 28 U.S.C. § 1915(a)(1), federal courts may authorize the commencement of suit without prepayment of fees or securities by a person who submits an affidavit which demonstrates that they lack the ability to pay.  Though an IFP applicant need not demonstrate absolute destitution, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), they must "allege poverty with some

---

[1]Pursuant to Local Rule 7.1(d), the Court elects to decide these matters without a hearing.

particularity, definiteness, and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quotation marks and citations omitted). The affidavit is sufficient where it alleges that the applicant "cannot pay the court costs and still afford the necessities of life." *Id.* (citing *Adkins*, 335 U.S. at 339); *see* 28 U.S.C. § 1915(a)(1).

Here, it appears that Wells has satisfied the requirements of Section 1915(a). In his IFP Application, Wells explains that he had previously earned[2] approximately $30,000.[3] Dkt. No. 4 at 1–2. However, he has significant debts, including an ongoing requirement of $750 a month in child support and $53,000 in assorted financial obligations.[4] *Id.* at 2. Moreover, although Wells does not list any regular monthly expenses, it appears that he has no money in cash or in a checking or savings account, and no items or assets of value. *Id.*

Accordingly, in light of these figures, the Court finds that Wells' income is insufficient to satisfy his financial obligations, much less cover the $405 filing fee while still affording the necessities of life. *See Escobedo*, 787 F.3d at 1234–36. His IFP Application, Dkt. No. 4, is therefore GRANTED.

---

[2] It appears that Wells is not currently earning any form of income. *See* Dkt. No. 4 at 1 (indicating that his future income depends on obtaining relief through the instant suit).
[3] This breaks down as follows: $10,000 from self-employment, $15,000 from gifts, and $5,000 from liquidation of loss in an IRA. *See* Dkt. No. 4 at 1.
[4] These include: $6,000 for back child support to Ohio CPS; $12,000 for Wells Fargo card services; $11,000 for Capitol One card services; $8,000 for Chase card services; $14,000 to Bridgecrest Financial; and $8,000 for a Sofi bank note. *See* Dkt. No. 4 at 2.

## II.    Screening

When a plaintiff files an action *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), the Court subjects it to mandatory screening and may order the dismissal of any claim it determines "is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Though the Court must liberally construe a *pro se* complaint, *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court cannot act as counsel for a *pro se* litigant, including by providing the essential elements of a claim.  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Moreover, claims brought under "removal statutes are strictly construed" such that the "defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).

Here, Wells seeks to remove two state criminal prosecutions from the Fifth Circuit Court for the State of Hawaiʻi pursuant to 28 U.S.C. § 1443(1).  Dkt. No. 1 at 3.  Section 1443(1) provides that:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

> Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States or of all persons within the jurisdiction thereof.

28 U.S.C. § 1443(1).  In construing this statute, the Supreme Court has narrowly cabined such removal to situations where the state court has proved unwilling or unable to enforce a "law providing for specific civil rights stated in terms of *racial* equality."  *Georgia v. Rachel*, 384 U.S. 780, 792 (1966) (emphasis added); *accord City of Greenwood, Mississippi v. Peacock*, 384 U.S. 808, 831 (1966).  As such, removing defendants must satisfy the following two-part test:

> First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights.
>
> Second, petitioners must assert that state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

*People of State of California, v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) (citations omitted).

Wells has not met either of these criteria.  As an initial matter, Wells does not assert a defense to his state prosecutions based on laws protecting equal racial civil rights.  Rather, he contends that the state criminal statutes at issue are unconstitutionally overbroad in violation of the First Amendment and that he was deprived of due process, subjected to double jeopardy, and denied his right to

counsel and a speedy trial in violation of the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Thirteenth, and Fourteenth Amendments. *See* Dkt. No. 1 at 5–10. These provisions lack "the specific language of racial equality that § 1443 demands." *Rachel*, 384 U.S. at 792. Consequently, they do not provide a proper basis for removal. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) ("Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1)."); *see also Sandoval*, 434 F.2d at 636 ("the broad protections of the First and Fourteenth Amendments . . . are not within the coverage of section 1443.").

Moreover, even if Wells had identified a defense based on a law protecting equal racial civil rights, he has failed to show that the Hawaiʻi state courts would be unwilling or unable to enforce such rights. The Supreme Court has explained that:

> It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court . . . Under § 1443(1), the vindication of the defendant's federal rights is left to the

state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*Peacock*, 384 U.S. at 827–28.  Here, although Wells asserts various acts of police, prosecutorial, and judicial misconduct, he points to no statute, regulation, or "formal expression of state law" that would result in the inevitable denial of his civil rights.  *Johnson*, 421 U.S. at 219.  As such, he has also failed to satisfy the second prong of the Section 1443(1) analysis, thereby rendering removal inappropriate for this additional reason.

In sum, Wells has failed to establish a proper basis for removal of his state criminal prosecutions.[5]  The Court therefore REMANDS this case to the Fifth Circuit Court, State of Hawaiʻi.[6]  *See* 28 U.S.C. § 1455(b)(4) ("If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.").  The Clerk of

---

[5] The Court notes that in addition to the substantive issues, Wells failed to follow the procedural requirements for removal under Section 1443, including, *inter alia*, that notice of removal must be filed within 30 days of arraignment and include a copy of all process, pleadings, and orders served upon the defendant.  *See* 28 U.S.C. § 1455(a)–(b).  Such defects constitute independent grounds for remand.  *See* 28 U.S.C. § 1455(b)(4).

[6] In addition, to the extent that Wells seeks an injunction against his prosecution in state court, the Court declines to grant such relief pursuant to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).  *See* Dkt. No. 1 at 11 (requesting an "[i]njunction stopping further State action against the Plaintiff by 5DCW-23-0000028 or DC-CB-SD00-1-012587-0000"); *Younger*, 401 U.S. at 43–46 (explaining that due to "the fundamental policy against federal interference with state criminal prosecutions . . . [f]ederal injunctions against state criminal statutes, either in their entirety or with respect to their separate and distinct prohibitions, are not to be granted as a matter of course, even if such statutes are unconstitutional." (quotation marks and citation omitted)).

Court is instructed to mail a certified copy of this Order to the Clerk of the Fifth Circuit Court, State of Hawai'i, and then to CLOSE this case.

IT IS SO ORDERED.

DATED: June 27, 2024 at Honolulu, Hawai'i.

                              Derrick K. Watson
                              Chief United States District Judge

Gabriel R. Wells v. State of Hawaii; Civil No. 24-00269 DKW-WRP; **ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYMENT OF FEES AND COSTS; AND (2) REMANDING CASE TO THE FIFTH CIRCUIT COURT, STATE OF HAWAI'I**